

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00030-CR

Rodney **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 11-03-00018CRF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:  Phylis J. Speedlin, Justice

Sitting:  Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 28, 2012

AFFIRMED AS MODIFIED

Rodney Garcia appeals his conviction for aggravated robbery, arguing the prosecution improperly presented inadmissible hearsay testimony during the bench trial. We modify the judgment of the trial court to correct a clerical error, and affirm the judgment as modified.

### BACKGROUND

Daniel Reveles was bartending at La Perlita bar when Garcia, a regular patron, went behind the bar and threatened him with a white pocketknife, saying, "I'm going to kill you." According to Reveles, Garcia then took some beer from a cooler behind the bar, without

payment, and left the service side of the bar. Reveles then exited the bar and went outside to call police. When Reveles re-entered the bar, Garcia was no longer on the premises.

Jessica Garcia testified that she saw Garcia go behind the bar. Jessica, a long-time friend of Garcia's, became concerned and went behind the bar to see what was happening. She asked Garcia what he was doing, and he answered, "Nothing. . . . Daniel [i]s going to give everybody a beer." Jessica replied, "No, we don't need beer. We all have our own money. . . . Just behave." She testified that Garcia then grabbed two beers and walked out. Jessica did not see a knife or other weapon in Garcia's possession.

Pearsall Police Department Officer Jeremy McGhee responded to a call regarding the incident. He directed fellow officer Luis Farias to look for a SUV traveling south. Several blocks later, Farias saw a SUV "running stop signs." When he pulled the SUV over, Farias encountered a male passenger and a female driver who said they were coming from La Perlita bar. Garcia was detained. Officer Steven Mayfield, who had stopped to assist in the traffic stop, conducted a pat down and recovered a black lock blade knife from Garcia.

At the conclusion of the bench trial, the trial court found Garcia guilty of aggravated robbery (repeater) as charged in the indictment, and sentenced him to a term of confinement of twenty-five years. The judgment erroneously reflects that Garcia entered a plea of guilty to the offense.

## DISCUSSION

On appeal, Garcia argues that the prosecution erred in presenting hearsay testimony over his objection during the testimony of State's witnesses Jessica Garcia and Jeremy McGhee. Jessica testified that:

> This right here is the bar area. Right here there's a wall and right here is a jukebox. There's a table. I was sitting right there. I don't know where Rodney

was sitting because I didn't even see him when I got there. Then my friends, Sonia Maldonado and Ariana Morales[,] w[ere] sitting here and they told me that he had a knife behind the bar.

Defense counsel promptly objected to the hearsay and the trial court sustained the objection. On direct examination, Officer McGhee testified as follows:

When I arrived on the scene, I was the first on the scene and standing outside in the front of the bar was Jessica Garcia. She stated to me at that time that Rodney Garcia had just threatened the bartender with a knife and took some beer. She then stated that he ran out the back door.

Defense counsel immediately objected to the hearsay. The State then asked:

Q:    Don't tell me what she told you but basically, what did you do when you got in? Who did you meet with and what did you do?
A:    I met with Jessica Garcia.
Q:    And you got a briefing as to what had occurred?
A:    Yes. And she told me that he ran out the back.

Defense counsel again objected on hearsay grounds, and the trial court sustained the objection.

We disagree that the above exchanges created error. In both instances of which Garcia complains the trial court sustained the hearsay objection. The challenged testimony was thus never admitted into evidence, and there was no error. *See Calvert v. State*, No. 14-01-00569-CR, 2002 WL 1354235, at *3 (Tex. App.—Houston [14th Dist.] June 20, 2002, pet. ref'd) ("Where a trial court sustains an objection to inadmissible evidence in a trial to the bench, no error is presented.") (citing *Young v. State*, 994 S.W.2d 387, 389 (Tex. App.—Houston [14th Dist.] 1999, no pet.).[1] Thus, Garcia's complaint is without merit, and we overrule Garcia's issues on appeal.

---

[1] Had the hearsay objection been overruled, we would engage in a harmless error analysis. *See Ovalle v. State*, 13 S.W.3d 774, 784 n.34 (Tex. Crim. App. 2000).

## CONCLUSION

Because the judgment erroneously reflects that Garcia entered a plea of guilty to the offense as charged in the indictment, we modify the trial court's judgment to reflect that Garcia entered a plea of not guilty. As modified, we affirm the judgment of the trial court.

Phylis J. Speedlin, Justice

Do not publish